**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 4 2019**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-32908 |
| | ) | |
| Leigh A. Luckey | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |

## MEMORANDUM OF DECISION

The court held a hearing on February 7, 2019, on the Motion for Extension of Time to Object to Discharge of a Debt and to Defer Discharge [Doc # 16] ("Motion") filed by the Ohio Department of Job & Family Services ("Movant"). Debtor's Attorney and Attorneys for Movant appeared by telephone at the hearing.

On September 20, 2018, Debtor voluntarily filed her Chapter 7 bankruptcy petition in this case. [Doc. # 1]. She filed her schedules, list of creditors and statement of financial affairs with her petition. *Id.*

On September 26, 2018, the Clerk gave notice of commencement of the case to the creditors listed by Debtor. [Doc. # 7]. The Notice of Chapter 7 Bankruptcy Case ("Notice"), on Official Form 309A, provided information about important deadlines applicable to creditors. One of the deadlines specified

was the "deadline to object to discharge or to challenge whether certain debts are dischargeable." [*Id.,* Part 9, p. 4/5]. Specifically, the deadline was listed in bold letters as January 7, 2019, in accordance with Rules 4004(a) and 4007(c) of the Federal Rules of Bankruptcy Procedure. The Notice also set out the procedure for challenging dischargeability of certain debts, noting that a complaint must be filed by the specified deadline "if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4) or (6)." *Id.* In that regard the Notice complied with 11 U.S.C. § 523(c) and Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

There is no dispute that Debtor failed to list Movant as a creditor on her schedules and list of creditors. To this day she has failed to amend her schedules and list of creditors to add Movant. As a result, the Clerk did not send the Notice to Movant. Nevertheless, counsel acknowledged at the hearing that Movant became aware of the bankruptcy case sometime in October 2018; counsel for movant entered an appearance of record in the bankruptcy case on October 15, 2018, [Doc. # 9]. How Movant learned of the case is a matter of speculation, although Debtor listed the State of Ohio Bureau of Motor Vehicles on her schedules and list of creditors, and the Clerk sent it the Notice. Counsel indicates that there is state agency information sharing, although, again, it is not presently known how Movant acquired knowledge of the case, a fact that the court does not believe ultimately makes a difference in the outcome of the Motion.

The Chapter 7 Trustee held the meeting of creditors on November 7, 2018, and counsel acknowledges that there was no appearance on behalf of Movant. Nor did Movant seek from Debtor any information or documents about the debt it alleges that she owes to it. Instead, it commenced an internal agency fact gathering process to support the filing of a complaint to determine dischargeability.

On the January 7, 2019, deadline for filing dischargeability complaints in this court relating to debts in the categories of § 523(a)(2),(4) or (6), Movant filed its Motion. Debtor timely filed her objection to the Motion on January 22, 2019, [Doc. # 18].

The Motion asserts that Movant is owed a debt by Debtor based on her fraud in receiving unemployment benefits to which she was not entitled because she was employed at the time. It seeks an extension of time until March 8, 2019, sixty days after the original January 7 complaint deadline, to commence an adversary proceeding based on that alleged fraud under § 523(a)(2). The Motion also asks for deferral of Debtor's discharge until after that date.

The Motion cites as authority only Rule 4004 of the Federal Rules of Bankruptcy Procedure, which pertains to discharge objections, not to dischargeability complaints seeking to except particular debts from discharge. Nevertheless, the court construes the Motion as one also brought under Bankruptcy Rule

2

4007(c), which governs procedure for determination of dischargeability of a particular debt; the content and substance of the Motion clearly seeks an extension of time to file a complaint pertaining to dischargeability of a particular debt. *See Silo Point II LLC v. Suffolk Const. Co., Inc.*, 578 F.Supp.2d 807, 809 (D. Md. 2008). Rule 4007(c) provides that "[o]n motion of a party in interest, after hearing on notice, *the court may for cause* extend the time fixed under this subdivision. The motion shall be filed before the time has expired," (*emphasis added*), which the Motion was.

Bankruptcy Rule 4007(c) uses the words "may" and "for cause" to direct courts in addressing requested extensions of time. Cause is not defined, and its determination is thus committed to the court's discretion. Because the discharge is the cornerstone of an individual's fresh start, debtors have an interest in prompt resolution of discharge issues, *see In re Davis*, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996), as shown by the short deadlines set in Bankruptcy Rules 4004(a) and 4007(c). As a result, "cause" is to be narrowly construed to promote prompt resolution of the case and the debtor's fresh start. *See In re Nowinski*, 291 B.R. 302, 306 (Bankr. S.D.N.Y. 2003).

Movant cites three grounds for finding cause: (1) it was not listed as a creditor and thus did not receive the Notice from the Clerk; (2) the substance of the debt as arising in fraud; and (3) the need for Movant to finalize appropriate documentation to file a dischargeability complaint.

The standard for obtaining an extension to file a complaint objecting to a debtor's entire discharge under Rule 4004(b)(1) (which is the rule that Movant cites) is the same as the standard for an extension to file a complaint seeking an exception to discharge under Rule 4007(c). The Sixth Circuit Bankruptcy Appellate Panel ("BAP") directly addressed what constitutes "cause" for an extension under Rule 4004(b)(1) in *In re St. George*, Nos. 16-8017/8018, 2017 WL 1379321 (B.A.P. 6th Cir. April 17, 2017). The court finds no reason why the same considerations should not apply in determining whether "cause" has been shown for an extension under Rule 4007(c). Both types of complaint impact the timing and substance of a debtor's discharge and fresh start.

In *St. George*, the United States Trustee filed two motions to extend the deadline for objecting to debtor's discharge. The first one was unopposed. Debtor objected to the second one. The basis for the second motion was that the debtor failed to cooperate in timely providing requested documents and information to the United States Trustee. After a hearing, the court granted the second extension, but allowed the United States Trustee an additional 10 days to file a complaint instead of the requested 75 days. After the court subsequently entered judgment in the United States Trustee's favor on the complaint and denied the debtor's discharge, the debtor appealed both the judgment and the order granting the filing

3

extension. The BAP reversed the bankruptcy court and held that it abused its discretion in granting the United States Trustee's motion for an extension to file the complaint, even the reduced extension of 10 days. In so ruling, the BAP identified the following five factors to consider in assessing "cause" for an extension of time to file a complaint to deny discharge:

> (1)whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

2017 WL 1379321 at *4 (quoting *In re Chatkhan*, 455 B.R. 365, 368 (Bankr. E.D.N.Y)). When seeking relief, the moving party has the burden of showing that cause exists. *In re St. George, 2017 WL 1379321 at *4* (quoting *421 Chestnut Partners, LP v. Aloia* (*In re Aloia),* 496 B.R. 366, 380 (Bankr. E.D. Pa. 2013)). Moreover, the BAP observed in *St. George* that "knowledge of the deadline coupled with the failure to diligently seek discovery is, absent unusual circumstances, fatal to an extension motion." 2017 1379321 at *4 (quoting *In re Nowinski*, 291 B.R. at 306).

The crux of Movant's request implicates the first and third factors of notice and diligence, respectively. There is no dispute that Debtor failed to list Movant as a creditor and, thus, the Clerk did not send the required Notice of the commencement of the case and the dischargeability deadline to it. However, Movant had knowledge of the case and the filing deadline at least as of October 15, 2018, the date upon which counsel for Movant entered an appearance of record. At that point, Movant still had 85 days, of which 57 were working days, to prepare and file a complaint. Unlike in *St. George*, there is no argument here that Debtor failed to cooperate with Movant in providing documents and information to it once it became aware of the case. While the court does not condone Debtor's failure to list a creditor, the Bankruptcy Code contains an express remedy to discourage and deal with such conduct in 11 U.S.C. § 523(a)(3)(B), which creates a separate exception to discharge under these circumstances. Indeed, one of the statutory factors applicable to that discharge exception is whether "the creditor had notice or actual knowledge of the case in time for such timely filing" of a complaint. The court finds that Movant did.

Instead, the issue presents itself in this case as a matter of internal priorities that need to be reordered, and that is the third *St. George* factor: whether the creditor has exercised diligence. It is apparent that the information needed to file a complaint in this case was available to the agency without inquiry to or cooperation by Debtor. Yet, as of the hearing date, Movant had still not tendered to counsel the basic information needed to file a complaint that would pass must under Rule 9011 of the Federal Rules of

4

Bankruptcy Procedure. No showing has been made of an exercise of diligence on Movant's part in the preparations necessary to assist counsel in the filing of a complaint not for due 2 months and 24 days after Movant was clearly aware of Debtor's bankruptcy filing.

As to the second factor of the complexity of the case, which also influences the court's determination with respect to the first and third factors, there is no showing that the law and facts are anything besides straightforward. On occasion the court sees similar such adversary complaints filed by Movant, some following similar requests for an extension but, unlike here, where no objection to the extension has been made. Movant knows what unemployment benefits it paid to Movant and when and Debtor's application for benefits; it has the apparent ability to determine Debtor's actual employment circumstances without input from her. Those are the facts it needs to file the complaint. It's not complex.

Movant made no use of the formal procedural tools available to obtain information from a debtor (inquiry at meeting of creditors and Bankruptcy Rule 2004). There is no basis for the court to find under the fourth *St. George* factor, and unlike in *St. George,* that Debtor refused in bad faith to cooperate with Movant.

The fifth factor of whether there is a proceeding in another forum that might result in preclusion with respect to issues in a § 523(a)(2) complaint, so as to justify an extension while the other proceeding plays out, does not apply in this case.

Movant's argument that the nature of Debtor's alleged conduct as fraudulent justifies the requested extension is irrelevant; every one of these cases involves an allegation of a "bad" debtor, be it a dischargeability exception under § 523(a)(2), (4) or (6) or an objection to discharge. That's the very nature of such an adversary proceeding. It's not an exceptional circumstance that justifies an extension.

Based on the foregoing reasons, the court finds that Movant has not shown cause under either Bankruptcy Rule 4004(a) or 4007(c) for the requested extension of time to file a complaint.

The court will enter a separate order denying Movant's Motion for Extension of Time to Object to Discharge of a Debt and to Defer Discharge [Doc #16].

### 

5